# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| REALTIME DATA , LLC d/b/a IXO,<br><br>      Plaintiff,<br><br>   v.<br><br>METROPCS TEXAS, LLC; METROPCS COMMUNICATIONS, INC.; METROPCS WIRELESS, INC.; AT&T, INC.; AT&T MOBILITY LLC; CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS; LEAP WIRELESS INTERNATIONAL, INC.; CRICKET COMMUNICATIONS, INC. a/k/a CRICKET WIRELESS, INC.; SPRINT NEXTEL CORP.; and T-MOBILE USA, INC.<br><br>      Defendants. | Case No. _____<br><br>**Jury Trial Demanded** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Realtime Data, LLC d/b/a IXO ("Realtime Data") alleges against Defendants MetroPCS Texas, LLC, MetroPCS Communications, Inc., MetroPCS Wireless, Inc., AT&T Inc., AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless, Leap Wireless International, Inc., Cricket Communications, Inc. a/k/a Cricket Wireless, Inc., Sprint Nextel Corp., and T-Mobile USA, Inc., (collectively "Defendants" and individually "Defendant") as follows:

## JURISDICTION

1. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. On information and belief, the Court has personal jurisdiction over Defendants because they regularly conduct business in the State of Texas and in this district, including operating systems and/or providing services in Texas and in this judicial district that infringe one or more claims of the patent-in-suit in this forum. Each Defendant has established minimum contacts with this forum such that the exercise of jurisdiction over these Defendants would not offend traditional notions of fair play and substantial justice.

## VENUE

3. On information and belief, each of the Defendants has committed acts within this judicial district giving rise to this action, including making, using, offering for sale, selling, or providing infringing products, services, and support to customers in this district, and actively soliciting and doing business in this judicial district. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(b) because Defendants may be found in, and have committed infringement in, this district.

## THE PARTIES

4. Plaintiff Realtime Data, doing business as IXO, is a limited liability company organized and existing under the laws of the State of New York with a principal place of business at 11 Wampus Close, Armonk, NY. In the course of its business, Realtime Data developed many methods of compression-based data acceleration. Realtime Data incorporated those methods into software- and hardware-based data acceleration products. These products included various hardware data accelerators ranging from expansion cards to rack mounted storage servers. In this regard, Realtime Data has worked with some of the largest technology companies in the world, including the development of custom solutions for major financial institutions.

5. Defendant MetroPCS Communications, Inc. is a Delaware corporation with its principal place of business located at 2250 Lakeside Blvd., Richardson, TX 75082. MetroPCS Communications, Inc.'s subsidiary Defendant MetroPCS Wireless, Inc. is a Delaware corporation with its principal place of business located at 6144 Walnut Hill Lane, Suite 600, Dallas, TX 75231. MetroPCS Texas, LLC is a Delaware entity with its principal place of business located at 8144 Walnut Hill Lane, Dallas, TX 75231. MetroPCS Communications, Inc., MetroPCS Wireless, Inc., and MetroPCS Texas, LLC will be referred to collectively as "MetroPCS Defendants." MetroPCS Defendants make and use infringing systems in this jurisdiction and throughout the United States, including systems for data optimization, acceleration and compression within their data network for downlink data transmission, and reasonably similar systems.

6.      Defendant AT&T Inc. is a Delaware corporation with its principal place of business located at 208 S. Akard St., Dallas, TX 75202-2233.  AT&T Inc.'s subsidiary AT&T Mobility LLC is a Delaware entity with its principal place of business located at Glenridge Highlands Two, 5565 Glenridge Connector, Atlanta, GA 30342.  Defendants AT&T Inc. and AT&T Mobility LLC will be referred to collectively as AT&T.  AT&T makes and uses infringing systems in this jurisdiction and throughout the United States, including systems for data optimization, acceleration and compression within its data network for downlink data transmission, and reasonably similar systems.

7.      Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon") is a Delaware entity with its principal place of business located at 1 Verizon Way, Basking Ridge, NJ  07920.  Verizon makes and uses infringing systems in this jurisdiction and throughout the United States, including systems for data optimization, acceleration and compression within its data network for downlink data transmission, and reasonably similar systems.

8.      Defendant Leap Wireless International, Inc. ("Leap Wireless") and its subsidiary Cricket Communications, Inc. a/k/a Cricket Wireless, Inc. ("Cricket") (collectively, "Cricket Defendants") are Delaware corporations with a principal place of business located at 5887 Copley Drive, San Diego, California 92111.  Cricket Defendants make and use infringing systems in this jurisdiction and throughout the United States, including systems for data optimization, acceleration and compression within their data network for downlink data transmission, and reasonably similar systems.

9.      Defendant Sprint Nextel Corp. ("Sprint") is a Kansas corporation with its principal place of business located at 6200 Sprint Pkwy., Overland Park, KS 66251.  Sprint

makes and uses infringing systems in this jurisdiction and throughout the United States, including systems for data optimization, acceleration and compression within its data network for downlink data transmission, and reasonably similar systems.

10. Defendant T-Mobile USA, Inc. ("T-Mobile") is a Delaware corporation with its principal place of business located at 12920 SE 38th St., Bellevue, WA 98006. T-Mobile makes and uses infringing systems in this jurisdiction and throughout the United States, including systems for data optimization, acceleration and compression within its data network for downlink data transmission, and reasonably similar systems.

## THE PATENTS-IN-SUIT

11. U.S. Patent No. 6,601,104 ("the '104 Patent"), entitled "System and Methods for Accelerated Data Storage and Retrieval," was duly and legally issued to Plaintiff Realtime Data on July 29, 2003. A true and correct copy of the '104 Patent is attached as Exhibit A.

12. U.S. Patent No. 6,604,158 ("the '158 Patent"), entitled "System and Methods for Accelerated Data Storage and Retrieval," was duly and legally issued to Plaintiff Realtime Data on August 5, 2003. A true and correct copy of the '158 Patent is attached as Exhibit B.

13. U.S. Patent No. 7,161,506 ("the '506 Patent"), entitled "Systems and Methods for Data Compression Such As Content Dependent Data Compression," was duly and legally issued to Plaintiff Realtime Data on January 9, 2007. A true and correct copy of the '506 Patent is attached as Exhibit C.

14. U.S. Patent No. 7,321,937 ("the '937 Patent"), entitled "System and Methods for Accelerated Data Storage and Retrieval," was duly and legally issued to Plaintiff Realtime Data on January 22, 2008. A true and correct copy of the '937 Patent is attached as Exhibit D.

15. U.S. Patent No. 7,352,300 ("the '300 Patent"), entitled "Data Compression Systems and Methods," was duly and legally issued to Plaintiff Realtime Data on April 1, 2008. A true and correct copy of the '300 Patent is attached as Exhibit E.

16. U.S. Patent No. 7,378,992 ("the '992 Patent"), entitled "Content Independent Data Compression Method and System" was duly and legally issued to Plaintiff Realtime Data on May 27, 2008. A true and correct copy of the '992 Patent is attached as Exhibit F.

17. U.S. Patent No. 7,395,345 ("the '345 Patent"), entitled "System and Methods for Accelerated Data Storage and Retrieval" was duly and legally issued to Plaintiff Realtime Data on July 1, 2008. A true and correct copy of the '345 Patent is attached as Exhibit G.

18. U.S. Patent No. 7,415,530 ("the '530 Patent"), entitled "System and methods for Accelerated Data Storage and Retrieval" was duly and legally issued to Plaintiff Realtime Data on August 19, 2008. A true and correct copy of the '530 Patent is attached as Exhibit H.

19. Realtime Data is the sole holder of all right, title, and interest in the '104, '158, '506, '937, '300, '992, '345, and '530 patents, including all rights to collect damages for all relevant times, all rights to prevent others from making, having made, using, offering for sale or selling products or services covered by such patents, and all rights to enforce the '104, '158, '506, '937, '300, '992, '345, and '530 patents with respect to Defendants.

**FIRST CAUSE OF ACTION**
(INFRINGEMENT OF THE '104 PATENT)
ALL DEFENDANTS

20. Realtime Data realleges and incorporates by reference paragraphs 1-19 of this Complaint as if fully set forth herein.

21. AT&T, Verizon, Cricket Defendants, MetroPCS Defendants, Sprint, and T-Mobile have infringed, and are continuing to infringe, one or more claims of the '104 Patent in violation of 35 U.S.C. § 271, including but not limited to exemplary claim 25 of the '104 Patent, by using data compression and acceleration within their data network for downlink data transmission.

22. Realtime Data has suffered damages as a result of infringement of the '104 Patent by AT&T, Verizon, Cricket Defendants, MetroPCS Defendants, Sprint, and T-Mobile, and will suffer additional damages and irreparable harm, for which Realtime Data has no adequate remedy at law, unless enjoined by this Court.

23. Realtime Data is entitled to recover damages from AT&T, Verizon, Cricket Defendants, MetroPCS Defendants, Sprint, and T-Mobile not less than a reasonable royalty adequate to compensate for the infringement.

**SECOND CAUSE OF ACTION**
**(INFRINGEMENT OF THE '158 PATENT)**
**ALL DEFENDANTS**

24. Realtime Data realleges and incorporates by reference paragraphs 1-23 of this Complaint as if fully set forth herein.

25. AT&T, Verizon, Cricket Defendants, MetroPCS Defendants, Sprint, and T-Mobile have infringed, and are continuing to infringe, one or more claims of the '158 Patent in violation of 35 U.S.C. § 271, including but not limited to exemplary claims 11, 12 and 15 of the '158 Patent, by using data compression and acceleration within their data network for downlink data transmission.

26. Realtime Data has suffered damages as a result of infringement of the '158 Patent by AT&T, Verizon, Cricket Defendants, MetroPCS Defendants, Sprint, and T-Mobile, and will suffer additional damages and irreparable harm, for which Realtime Data has no adequate remedy at law, unless enjoined by this Court.

27. Realtime Data is entitled to recover damages from AT&T, Verizon, Cricket Defendants, MetroPCS Defendants, Sprint, and T-Mobile not less than a reasonable royalty adequate to compensate for the infringement.

## THIRD CAUSE OF ACTION
### (INFRINGEMENT OF THE '506 PATENT)
### ALL DEFENDANTS

28. Realtime Data realleges and incorporates by reference paragraphs 1-27 of this Complaint as if fully set forth herein.

29. AT&T, Verizon, Cricket Defendants, MetroPCS Defendants, Sprint, and T-Mobile have infringed, and are continuing to infringe, one or more claims of the '506 Patent in violation of 35 U.S.C. § 271, including but not limited to exemplary claim 91 of the '506 Patent, by using data compression and acceleration within their data network for downlink data transmission.

30. Realtime Data has suffered damages as a result of infringement of the '506 Patent by AT&T, Verizon, Cricket Defendants, MetroPCS Defendants, Sprint, and T-Mobile, and will suffer additional damages and irreparable harm, for which Realtime Data has no adequate remedy at law, unless enjoined by this Court.

31. Realtime Data is entitled to recover damages from AT&T, Verizon, Cricket Defendants, MetroPCS Defendants, Sprint, and T-Mobile not less than a reasonable royalty adequate to compensate for the infringement.

**FOURTH CAUSE OF ACTION**
**(INFRINGEMENT OF THE '937 PATENT)**
**ALL DEFENDANTS**

32. Realtime Data realleges and incorporates by reference paragraphs 1-31 of this Complaint as if fully set forth herein.

33. AT&T, Verizon, Cricket Defendants, MetroPCS Defendants, Sprint, and T-Mobile have infringed, and are continuing to infringe, one or more claims of the '937 Patent in violation of 35 U.S.C. § 271, including but not limited to exemplary claim 17 of the '937 Patent, by using data compression and acceleration within their data network for downlink data transmission.

34. Realtime Data has suffered damages as a result of infringement of the '937 Patent by AT&T, Verizon, Cricket Defendants, MetroPCS Defendants, Sprint, and T-Mobile, and will suffer additional damages and irreparable harm, for which Realtime Data has no adequate remedy at law, unless enjoined by this Court.

35. Realtime Data is entitled to recover damages from AT&T, Verizon, Cricket Defendants, MetroPCS Defendants, Sprint, and T-Mobile not less than a reasonable royalty adequate to compensate for the infringement.

## FIFTH CAUSE OF ACTION
### (INFRINGEMENT OF THE '300 PATENT)
### ALL DEFENDANTS

36. Realtime Data realleges and incorporates by reference paragraphs 1-35 of this Complaint as if fully set forth herein.

37. AT&T, Verizon, Cricket Defendants, MetroPCS Defendants, Sprint, and T-Mobile have infringed, and are continuing to infringe, one or more claims of the '300 Patent in violation of 35 U.S.C. § 271, including but not limited to exemplary claim 42 of the '300 Patent, by using data compression and acceleration within their data network for downlink data transmission.

38. Realtime Data has suffered damages as a result of infringement of the '300 Patent by AT&T, Verizon, Cricket Defendants, MetroPCS Defendants, Sprint, and T-Mobile, and will suffer additional damages and irreparable harm, for which Realtime Data has no adequate remedy at law, unless enjoined by this Court.

39. Realtime Data is entitled to recover damages from AT&T, Verizon, Cricket Defendants, MetroPCS Defendants, Sprint, and T-Mobile not less than a reasonable royalty adequate to compensate for the infringement.

## SIXTH CAUSE OF ACTION
### (INFRINGEMENT OF THE '992 PATENT)
### ALL DEFENDANTS

40. Realtime Data realleges and incorporates by reference paragraphs 1-39 of this Complaint as if fully set forth herein.

41. AT&T, Verizon, Cricket Defendants, MetroPCS Defendants, Sprint, and T-Mobile have infringed, and are continuing to infringe, one or more claims of the '992 Patent in

violation of 35 U.S.C. § 271, including but not limited to exemplary claim 35 of the '992 Patent, by using data compression and acceleration within their data network for downlink data transmission.

42. Realtime Data has suffered damages as a result of infringement of the '992 Patent by AT&T, Verizon, Cricket Defendants, MetroPCS Defendants, Sprint, and T-Mobile, and will suffer additional damages and irreparable harm, for which Realtime Data has no adequate remedy at law, unless enjoined by this Court.

43. Realtime Data is entitled to recover damages from AT&T, Verizon, Cricket Defendants, MetroPCS Defendants, Sprint, and T-Mobile not less than a reasonable royalty adequate to compensate for the infringement.

### SEVENTH CAUSE OF ACTION
### (INFRINGEMENT OF THE '345 PATENT)
### ALL DEFENDANTS

44. Realtime Data realleges and incorporates by reference paragraphs 1-43 of this Complaint as if fully set forth herein.

45. AT&T, Verizon, Cricket Defendants, MetroPCS Defendants, Sprint, and T-Mobile have infringed, and are continuing to infringe, one or more claims of the '345 Patent in violation of 35 U.S.C. § 271, including but not limited to exemplary claim 1 of the '345 Patent, by using data compression and acceleration within their data network for downlink data transmission.

46. Realtime Data has suffered damages as a result of infringement of the '345 Patent by AT&T, Verizon, Cricket Defendants, MetroPCS Defendants, Sprint, and T-Mobile, and will

suffer additional damages and irreparable harm, for which Realtime Data has no adequate remedy at law, unless enjoined by this Court.

47. Realtime Data is entitled to recover damages from AT&T, Verizon, Cricket Defendants, MetroPCS Defendants, Sprint, and T-Mobile not less than a reasonable royalty adequate to compensate for the infringement.

## EIGHTH CAUSE OF ACTION
### (INFRINGEMENT OF THE '530 PATENT)
### ALL DEFENDANTS

48. Realtime Data realleges and incorporates by reference paragraphs 1-47 of this Complaint as if fully set forth herein.

49. AT&T, Verizon, Cricket Defendants, MetroPCS Defendants, Sprint, and T-Mobile have infringed, and are continuing to infringe, one or more claims of the '530 Patent in violation of 35 U.S.C. § 271, including but not limited to exemplary claim 1 of the '530 Patent, by using data compression and acceleration within their data network for downlink data transmission.

50. Realtime Data has suffered damages as a result of infringement of the '530 Patent by AT&T, Verizon, Cricket Defendants, MetroPCS Defendants, Sprint, and T-Mobile, and will suffer additional damages and irreparable harm, for which Realtime Data has no adequate remedy at law, unless enjoined by this Court.

51. Realtime Data is entitled to recover damages from AT&T, Verizon, Cricket Defendants, MetroPCS Defendants, Sprint, and T-Mobile not less than a reasonable royalty adequate to compensate for the infringement.

## PRAYER FOR RELIEF

WHEREFORE, Realtime Data respectfully requests the following relief:

a) That this Court adjudge and decree that Defendants have been, and are currently, infringing one or more of the Patents-in-Suit;

b) That this Court award damages to Realtime Data to compensate it for each of the unlawful actions set forth in Realtime Data's complaint;

c) That this Court award interest on such damages to Realtime Data;

d) That this Court determine that this patent infringement case is exceptional and award Realtime Data its costs and attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285; and

e) That this Court award such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Realtime Data respectfully requests a trial by jury on all issues triable thereby.

Dated: September 23, 2010              Respectfully submitted,

                                            */s/  Wayne O. Stacy*

                                         Wayne O. Stacy, State Bar #24008070
                                         Eamonn Gardner
                                         COOLEY LLP
                                         380 Interlocken Crescent, Ste. 900
                                         Broomfield, CO  80021-8023
                                         Telephone:     (720) 566-4000
                                         Facsimile:      (720) 566-4099
                                         *wstacy@cooley.com*
                                         *egardner@cooley.com*

                                         Frank Pietrantonio
                                         COOLEY LLP
                                         One Freedom Square
                                         Reston Town Center
                                         11951 Freedom Drive
                                         Reston, VA 20190-5656
                                         Telephone:     (703) 456-8000
                                         Fax:                (703) 456-8100
                                         *fpietrantonio@cooley.com*

345234 v1/CO