# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| REALTIME DATA, LLC d/b/a IXO ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CASE NO. 06:10-CV-00493** |
| ) | |
| ) | Hon. Leonard Davis |
| METROPCS TEXAS, LLC ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANTS' JOINT MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) FOR FAILURE TO STATE A CLAIM

**TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ...................................................................................................1

II. BACKGROUND ....................................................................................................3

III. REALTIME'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT
 FAILS TO IDENTIFY ANY PRODUCT, SERVICE, OR SPECIFIC
 ACTIVITY ALLEGEDLY SUBJECT TO REALTIME'S CLAIMS. ..............5

 A. As the Supreme Court Clarified in *Twombly* and *Iqbal*, Rule 8
 Requires Realtime To Plead Specific Facts To State A Claim For
 Relief That Is Plausible On Its Face. .........................................................5

 B. Realtime's Complaint Fails To Comply With The Rule 8 Standard
 Set Forth In *Twombly* And *Iqbal*. ..............................................................6

 C. Earlier Decisions On Pleading Standards Within The Eastern
 District of Texas Have Been Superseded By *Iqbal* And Are
 Factually Distinguishable...........................................................................9

IV. AS THIS COURT HAS DISMISSED REALTIME'S COMPLAINT IN
 THREE SEPARATE LITIGATIONS FOR THE SAME IMPROPER
 PLEADING, REALTIME SHOULD PAY DEFENDANTS' COSTS
 AND FEES FOR BRINGING THIS MOTION. ............................................12

V. CONCLUSION.....................................................................................................13

## **TABLE OF AUTHORITIES**

### **CASES**

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ............................................................................... 2, 6, 7, 10, 11

*Bay Indus. Inc. v. Tru-Arx Mfg., LLC*,
  Civ. No. 06-1010, 2006 WL 3469599 (E.D. Wis. Nov. 29, 2006)............................. 9

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)........................................................................ 2, 5, 7, 8, 11, 12

*Classen Immunotherapies, Inc. v. Biogen IDEC*,
  381 F. Supp. 2d 452 (D. Md. 2005) ......................................................................... 9

*Colida v. Nokia, Inc.*,
  2009 WL 3172724 (Fed. Cir. Oct. 6, 2009) ............................................................ 11

*DM Research, Inc. v. College of Am. Pathologists*,
  170 F.3d 53 (1st Cir. 1999) .....................................................................................11

*Fifth Market v. CME Group, Inc.*,
  No. Civ. A. 08-520 GMS (D. Del. May 14, 2009) ................................................... 6

*FotoMedia Tech., LLC v. AOL*,
  No. 2:07-cv-255, 2008 WL 4135906 (E.D. Tex. Aug. 29, 2008) ............................ 9

*Gen-Probe, Inc. v. Amoco Corp., Inc.*,
  926 F. Supp. 948 (S.D. Cal. 1996) ..................................................................... 7, 8

*In re Papst Licensing GMBH & Co. KG Litigation*,
  602 F. Supp. 2d 17 (D. D.C. 2009) .......................................................................... 6

*In re Papst Licensing GmbH Patent Litig.*,
  No. MDL 1298, 2001 WL 179926 (E.D. La. Feb. 22, 2001) ................................. 11

*Judin v. U.S.*,
  110 F.3d 780 (Fed. Cir. 1997)...................................................................................8

*McZeal v. Sprint Nextel Corp.*,
  501 F.3d 1354 (Fed. Cir. 2007).........................................................................10, 11

*Ondeo Nalco Co. v. EKA Chems., Inc.*,
  No. Civ. A. 01-537-SLR, 2002 WL 1458853 (D. Del. June 10, 2002) .................... 6

*PA Advisors, LLC v. Google Inc.*,

No. 2:07-cv-480, 2008 U.S. Dist. LEXIS 71285 (E.D. Tex. Aug, 7, 2008) .......................... 10

*Ricoh Co. v. Asustek Computer, Inc.*,
   481 F. Supp. 2d 954 (W.D. Wis. 2007) ................................................................................ 7

*Teirstein v. AGA Med. Corp.*,
   No. 6:08-cv-14, 2009 WL 704138 (E.D. Tex. March 16, 2009) ........................................... 10

*View Eng'g Inc. v. Robotic Vision Sys., Inc.*,
   208 F.3d 981 (Fed. Cir. 2000) ................................................................................................ 8

## STATUTES

Fed. R. Civ. P. 8(a)(2) ................................................................................................................ 5, 7

Fed. R. Civ. P. 11 ........................................................................................................................... 8

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 1, 5, 11, 12

## OTHER AUTHORITIES

5 Wright & Miller, *Federal Practice and Procedure* § 1202 (3d ed. 2004) ................................. 5

**I.      INTRODUCTION**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants MetroPCS Texas, LLC; MetroPCS Communications, Inc.; MetroPCS Wireless, Inc.; AT&T, Inc.; AT&T Mobility LLC; Cellco Partnership d/b/a Verizon Wireless; Leap Wireless International, Inc.[1]; Cricket Communications, Inc.; Sprint Nextel Corp.[2]; and T-Mobile USA, Inc. (collectively "Defendants") respectfully move to dismiss Realtime Data, LLC's ("Realtime's") Complaint (the "Complaint") for failure to state a claim.

Realtime's Complaint fails to identify even the most basic facts about its claim, let alone any accused product or service that is allegedly subject to Realtime's infringement allegations. Instead, Realtime's Complaint relies upon boilerplate generalities and legal conclusions to allege the existence of certain patents and to aver infringement by Defendants. Indeed, while each of the Defendants operates its own vast network using multiple, different technologies, the Complaint accuses all of the Defendants in the very same paragraph of infringing each of the eight patents-in-suit by "using data compression and acceleration within ***their*** data network for downlink transmission," as if Defendants jointly operated a single network and without regard for the significant technological differences in each Defendant's individual network. (*see* Complaint ¶¶ 21, 25, 29, 33, 37, 41, 45, 49) (emphasis added).

These are precisely the type of vague and conclusory allegations that this Court rejected in several other actions brought by this plaintiff. In three separate litigations, this Court

---

[1] Leap Wireless International ("Leap") is a holding company, not an operating entity. As such, Leap preserves and does not waive any jurisdictional objections by filing this motion and preserves all rights to challenge personal jurisdiction over it.

[2] Sprint is a holding company, not an operating entity. As such, Sprint preserves and does not waive any jurisdictional objections by filing this motion and preserves all rights to challenge personal jurisdiction over it.

previously granted motions to dismiss brought by multiple defendants on the same grounds sought in the instant motion, based on the Supreme Court decisions in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*. As this Court held in those other cases, *Twombly* and *Iqbal* require that a complaint allege sufficient facts to establish a plausible claim and that recitations of bare, conclusory allegations are insufficient to state a claim under the Federal Rules even in the context of patent lawsuits in which more detailed disclosures are provided after the initial pleading stage. Despite multiple admonishments from the Court, Realtime has yet again failed to comply with its most fundamental obligations for proper pleading under the Federal Rules of Civil Procedure. As such, in addition to requesting that the Court dismiss Realtime's Complaint, Defendants also seek their costs and fees for bringing the instant motion.

Defendants do not contend that Realtime is required to disclose each and every detail regarding its infringement contentions and do not suggest that the Complaint must contain the level of information required by Local Patent Rule 3-1. However, given the breadth and technological complexities of each Defendant's network, of each Defendant's product and service offerings, and of each of the eight patents-in-suit, Realtime should be required at least to sufficiently identify which of Defendants' many products and/or services allegedly infringe its patents, just as it was required to do in its previous litigations. Indeed, since Realtime responded to this Court's previous dismissals by specifically identifying accused products and services in its amended complaints, Realtime's failure even to attempt to identify any accused products and services in its complaint in this case is inexplicable and inexcusable. If Realtime complied with its pre-filing due diligence obligations, it should already know the accused products and/or services and should have had no problem meeting the basic pleading requirements previously laid out by this Court (and others). Without any hint of the services and/or products being

accused of infringement, Defendants are unable to properly investigate Realtime's claims, identify relevant individuals and documents, or frame an appropriate response to the Complaint without a risk of prejudice. The Court should dismiss the Complaint and, at a minimum, award Defendants' costs.

## II. BACKGROUND

Realtime filed its Complaint (the "Complaint") on September 23, 2010, against Defendants. Realtime's Complaint alleges, in entirely conclusory fashion, that all 10 defendants infringe at least one claim of eight patents purportedly owned by Realtime: U.S. Patent Nos. 6,601,104; 6,604,158; 7,321,937; 7,395,345; and 7,415,530 all entitled "System and Methods for Accelerated Data Storage and Retrieval;" U.S. Patent No. 7,161,506 entitled "Systems and Methods for Data Compression Such as Content Dependent Data Compression;" U.S. Patent No. 7,352,300 entitled "Data Compression Systems and Methods;" and U.S. Patent No. 7,378,992 entitled "Content Independent Data Compression Method and System" (collectively "Patents-in-Suit").

For each Patent-in-Suit, the Complaint has a single count alleging infringement collectively against all defendants. For example, the First Cause of Action for infringement of U.S. Patent No. 6,601,104 reads in relevant part:

> [Defendants] have infringed, and are continuing to infringe, one or more claims of the '104 Patent in violation of 35 U.S.C. § 271, including but not limited to exemplary claim 25 of the '104 Patent <u>by using data compression and acceleration within **their** data network for downlink data transmission</u>.

Dkt. No. 1 (Compl.) at ¶ 21 (emphasis added).

The counts for the remaining seven patents are identical except for the patent number and

3

claim number. *See id.* at ¶¶ 25, 29, 33, 37, 41, 45, and 49. Apart from its superficial declaration of infringement, nowhere in the Complaint does Realtime identify any product or service that is allegedly performing this "data compression and acceleration" or even identify where in Defendants' vast, technologically complex networks these acts allegedly occur beyond the "data network for downlink data transmission." Indeed, Realtime provides no facts supporting its allegations, relying instead on identical generic language for each defendant. *See id.* at ¶¶ 20-51.

Realtime has used this same tactic – unsuccessfully – in three prior actions before this Court.[3] In all three litigations, Realtime alleged the same type of vague conclusory allegations of infringement, and multiple defendants in each litigation moved to dismiss Realtime's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In each case, this Court granted defendants' motion to dismiss Realtime's claims because, e.g., "[t]he Amended Complaint, in its current form, fails to inform Defendants as to what they must defend." *See* Exhibit 1 at 7 (*Realtime Data, LLC v. Morgan Stanley et al.* (Civil Action No. 6:09-cv-00326-LED), Report and Recommendation of U.S. Magistrate Judge, Dkt. No. 168).[4] Yet again, Realtime has wasted both the Court's and the parties' time by failing to comply with the basic pleading standards required by the Federal Rules of Civil Procedure and by the Supreme Court's interpretation of them. This Court should dismiss Realtime's Complaint and award Defendants their costs and fees for bringing this motion.

---

[3] Realtime made these same types of vague allegations against multiple defendants in three other complaints filed in this Court: *Realtime Data, LLC v. Morgan Stanley et al.* (Civil Action No. 6:09-cv-00326-LED), *Realtime Data, LLC v. CME Group, Inc.*, et al. (Civil Action No. 6:09-cv-00327-LED), and *Realtime Data, LLC v. Thomson Reuters et al.* (Civil Action No. 6:09-cv-00333-LED).

[4] The Magistrate Judge's recommendations with respect to the *Morgan Stanley* defendants' motion to dismiss under Rule 12(b)(6) was later adopted by this Court. *See Realtime Data, LLC v. Morgan Stanley et al.* (Civil Action No. 6:09-cv-00326-LED), Order, Dkt. No. 191.

4

### III. REALTIME'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO IDENTIFY ANY PRODUCT, SERVICE, OR SPECIFIC ACTIVITY ALLEGEDLY SUBJECT TO REALTIME'S CLAIMS.

#### A. As the Supreme Court Clarified in *Twombly* and *Iqbal*, Rule 8 Requires Realtime To Plead Specific Facts To State A Claim For Relief That Is Plausible On Its Face.

Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when a plaintiff fails to satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2), which call for a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While it does not require pleading with particularity, Rule 8(a)(2) does require that the accused infringer be given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Landmark decisions by the Supreme Court in *Twombly* and *Iqbal* recently clarified the standard by which a plaintiff must set forth its claim and ended the prior practice of pleading boilerplate and conclusory allegations. The Supreme Court rejected its previous pronouncement that a complaint could not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 561-63. Instead, to survive a motion to dismiss, a plaintiff must plead facts sufficient "to state a claim to relief that *is plausible on its face*." *Id.* at 570 (emphasis added). According to the Supreme Court in *Twombly*:

> Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests . . . Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it."

*Id.* at 555 n.3 (citing 5 Wright & Miller, *Federal Practice and Procedure* § 1202, pp. 94 & 95

(3d ed. 2004)).

Just last year, the Supreme Court in *Iqbal* made clear that the plausibility standard put forth in *Twombly* applies in *all* civil actions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009). The Supreme Court re-emphasized in *Iqbal* that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. To comply with Rule 8, a plaintiff must therefore plead "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A pleading that contains mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

### B. Realtime's Complaint Fails To Comply With The Rule 8 Standard Set Forth In *Twombly* And *Iqbal*.

Consistent with the standard of *Twombly* and *Iqbal*, numerous courts – including this Court in cases involving this plaintiff – have dismissed patent infringement complaints when faced with vague accusations similar to those found in Realtime's Complaint here. *See Fifth Market v. CME Group, Inc.*, No. Civ. A. 08-520 GMS (D. Del. May 14, 2009) (dismissing a complaint for failing to provide fair notice of infringement because it did not identify an infringing product or method); *In re Papst Licensing GMBH & Co. KG Litigation*, 602 F. Supp. 2d 17, 19-20 (D. D.C. 2009) (holding that allegation of "[u]pon information and belief, the [defendant] made, used, sold or offered to sell . . . digital cameras which infringe the Patents in Suit" was insufficient, because it "fail[ed] to include any facts in support of [the] bald allegation" of infringement); *see also Ondeo Nalco Co. v. EKA Chems., Inc.*, No. Civ. A. 01-537-SLR, 2002 WL 1458853, at *1 n. 2-3 (D. Del. June 10, 2002) (finding plaintiff's allegation of defendant's

6

infringement by "selling its products, including the 8692 product" to be too vague to support a claim, except as to the specific accusation against the 8692 product). As these cases demonstrate, under the Rule 8 standard as explained in *Twombly* and *Iqbal*, Realtime was required to plead more than just mere boilerplate language alleging infringement, and at the very least, must identify the accused product or a specific activity.

Nonetheless, Realtime's Complaint fails to plead any facts sufficient to provide fair or adequate notice as to what Realtime's alleged claim of infringement is and the grounds upon which it rests. For example, Realtime does not identify a single allegedly infringing product, service, or any specific activity upon which Defendants can base their defense. *See Ricoh Co. v. Asustek Computer, Inc.*, 481 F. Supp. 2d 954, 959 (W.D. Wis. 2007) ("[A] plaintiff must provide notice of its claim so that the other side may prepare a defense. In the context of alleged patent infringement, this means **at least** that the plaintiff must tell the defendant which products allegedly infringe the plaintiff's patent.") (emphasis added).

Instead, Realtime relies upon the same conclusory infringement allegation for all 10 defendants in this litigation, and its Complaint resorts to bald allegations describing the non-specific activity of "using data acceleration and compression within their data network for downlink data transmission." Complaint at ¶ 21. Such a description provides no specific information to Defendants as to what products, services, or activities Realtime's allegations might encompass. Realtime's Complaint does not include facts sufficient to state a claim to relief that is plausible on its face, and it is thus insufficient under the Rule 8 standard set forth by the Supreme Court in *Twombly* and *Iqbal*.

Indeed, Realtime's efforts fall far short of even the most liberal reading of Rule 8(a)(2)'s requirements. For example, in *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948 (S.D.

7

Cal. 1996), the plaintiff's complaint alleged infringement "by making, using, selling and/or offering for sale products and/or kits without the authority of [the plaintiff]." *Id.* at 960 n.19. The court, prior to the guidance contained in *Twombly* and *Iqbal*, stated that "[f]iling a patent infringement action pointing vaguely to 'products and/or kits' . . . does not provide adequate notice as required by the Rules. . . ." *Id.* at 962 (quoting *Sutliff, Inc. v. Donovan Cos., Inc.*, 727 F.2d 648, 654 (7th Cir. 1984)). "Even under liberal notice pleading, the plaintiff must provide facts that 'outline or adumbrate' a viable claim for relief, not mere boilerplate sketching out the elements of a cause of action." *Id.* at 961. As with the plaintiff's generic reference to "products and/or kits" in the *Gen-Probe* case, Realtime's vague and generic reference to "using data acceleration and compression within their data network for downlink data transmission" in its Complaint does not adequately identify the accused product or service and is thus insufficient under Rule 8.

Meeting the Rule 8 pleading requirements should not have been hard for Realtime. Assuming it complied with Fed. R. Civ. P. 11, Realtime must have already conducted an adequate pre-filing investigation to understand how Defendants are supposedly liable for infringement. *See Judin v. U.S.*, 110 F.3d 780, 784 (Fed. Cir. 1997) (failure to conduct pre-filing investigation to compare products accused of infringement with claims of a patent is sanctionable). In the patent infringement context, Rule 11 requires that a plaintiff "at *a bare minimum, apply the claims of each and every patent that is being brought into the lawsuit to an accused device* and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted." *View Eng'g Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000) (emphasis added). Consequently, "[i]f challenged, a patent holder bringing an infringement claim must be able to demonstrate to the court and the alleged

8

infringer exactly why it believed before filing suit that it had a reasonable chance of proving infringement." *Classen Immunotherapies, Inc. v. Biogen IDEC*, 381 F. Supp. 2d 452, 457 (D. Md. 2005) (citing *View Eng'g*, 208 F.3d at 986).

If, for example, "a plaintiff cannot describe with some specificity the product he claims infringes his patent, there is reason to question whether such a certification [of Rule 11 compliance] is true." *Bay Indus. Inc. v. Tru-Arx Mfg., LLC*, Civ. No. 06-1010, 2006 WL 3469599, *2 (E.D. Wis. Nov. 29, 2006). Here, Realtime presumably has identified accused products or services to which it compared its patent claims, and thus satisfied itself in good faith that its Complaint has a reasonable basis for finding infringement. Assuming that is the case, Realtime should be able readily to provide the requisite factual basis for its claims by identifying Defendants' allegedly infringing products or services, and Realtime's failure to do so can only be part of the same tactical shell game Realtime has played in previous actions before this Court.

C. **Earlier Decisions On Pleading Standards Within The Eastern District of Texas Have Been Superseded By *Iqbal* And Are Factually Distinguishable.**

Although there have been some decisions in the Eastern District of Texas subsequent to *Twombly* finding patent infringement complaints satisfactory, those decisions issued prior to the Supreme Court's decision in *Iqbal*, which clarified that *Twombly*'s plausibility standard applies in *all* civil actions. *See Iqbal*, 129 S. Ct. at 1953. Notably, these subsequent decisions did not prevent this Court from dismissing Realtime's insufficient pleadings in three previous cases. In fact, those cases are distinguishable from the facts here. For example, in *FotoMedia Tech*, Judge Everingham held that a patent infringement complaint met the requirements of Rule 8 when it identified the accused products by identifying the Uniform Resource Locators ("URLs") of the allegedly infringing websites. *See FotoMedia Tech., LLC v. AOL*, No. 2:07-cv-255, 2008 WL

9

4135906, at *1-2 (E.D. Tex. Aug. 29, 2008).

Similarly, in *PA Advisors*, Judge Folsom found a complaint satisfactory where the plaintiff identified 10 different products, identified which websites those products were implemented on, and described how they infringed. *PA Advisors, LLC v. Google Inc.*, No. 2:07-cv-480, 2008 U.S. Dist. LEXIS 71285, at *19-20 (E.D. Tex. Aug, 7, 2008). Unlike the complaints in those cases, however, Realtime's Complaint does not identify *any* accused product or service for *any* of the 10 named defendants. This Court's decision in *Teirstein* also predated the Supreme Court's *Iqbal* decision and is distinguishable since it dealt with the pleading standard for a defendant's counterclaims rather than the pleading standard for a plaintiff alleging infringement. *Teirstein v. AGA Med. Corp.*, No. 6:08-cv-14, 2009 WL 704138 at *3 (E.D. Tex. March 16, 2009).

The courts in the *FotoMedia Tech*, *PA Advisors*, and *Teirstein* cases also relied on the Federal Circuit's decision in *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007). There, the Federal Circuit, applying 5th Circuit law, found a *pro se* plaintiff's complaint met the requirements of Rule 8(a)(2) because it "contain[ed] enough detail to allow the defendants to answer and thus meets the notice pleading required." *Id.* at 1357. However, the *McZeal* decision not only predates the Supreme Court's decision in *Iqbal*, but is inapplicable here, because the court's ruling was based on the "less demanding standard" afforded a *pro se* plaintiff's pleadings when challenged by a defendant's 12(b)(6) motion. *Id.* at 1356. Moreover, unlike Realtime's Complaint, the *pro se* plaintiff in *McZeal* still managed to identify an allegedly infringing product by model number. *Id.* at 1356-57.

The Federal Circuit's decision in *McZeal* is instructive to the extent the court identified Fed. R. Civ. P. Form 16 (since renumbered to Form 18) as a sample of a satisfactory complaint.

Form 18 includes, among other things, "a statement that defendant has been infringing the patent 'by making, selling, and using [the specific device] embodying the patent. . . .'" *Id.* at 1357 (alteration in original). Here, Realtime's Complaint fails to meet even the bare minimum requirements of this form, because Realtime has not identified any "device" that allegedly infringes the Patents-in-Suit.[5] Because Realtime's Complaint does not include facts that rise to the specificity sufficient to state a plausible claim to relief, it is inadequate under the Rule 8 standard set forth by the Supreme Court, and thus should be dismissed under Rule 12(b)(6).

Indeed, as this Court previously held, Realtime is required as plaintiff to satisfy the plausibility standard of *Twombly* and *Iqbal* now at the pleading stage − not later during discovery − as Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1949; *see also DM Research, Inc. v. College of Am. Pathologists*, 170 F.3d 53, 5556 (1st Cir. 1999) ("Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition."). It is important to resolve such questions early in litigation, such as through Rule 12(b)(6) motion practice, rather than simply allowing inadequate allegations to open the door to expansive discovery. As the Supreme Court stated in *Twombly*, "[t]his basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court. . . . [A] district court must retain the power to insist upon some specificity in pleading before

---

[5] Form 18 lists, as an example, "electric motors" as the accused device. Courts have noted, however, that such a generic reference may not be enough where the factual circumstances are more complex. *See Hewlett-Packard Co. v. Intergraph Corp.*, No. C03-2517, 2003 WL 23884794, at *1 (N.D. Cal. Sept. 6, 2003) ("Form [18] simply does not address a factual scenario of this sort. Not only is the example in Form [18] limited to a single 'type' of product (*i.e.*, electric motors) there is no indication as to the number of different electric motors the hypothetical defendant made, sold, or used."); *see also In re Papst Licensing GmbH Patent Litig.*, No. MDL 1298, 2001 WL 179926, *1 (E.D. La. Feb. 22, 2001) ("It is apparent, however, that the number of patents and products in the case before me are far greater than those contemplated in the [Form 18] sample complaint, which would justify a request for greater specificity."). It is also worth noting that Form 18 was last updated before the Supreme Court's *Iqbal* decision. *See Colida v. Nokia, Inc.*, 2009 WL 3172724, at *1 n.2 (Fed. Cir. Oct. 6, 2009) (noting that Form 18 was last updated before the Supreme Court's *Iqbal* decision).

allowing a potentially massive factual controversy to proceed." *Twombly*, 550 U.S. at 558 (citations and internal quotations omitted).

Disclosure of the facts sufficient to state a plausible claim, including, at a minimum, the identification of the accused products and/or services, cannot wait until discovery. While this Court has previously declined to established a blanket rule requiring identification of specific accused products in all cases,[6] examination of Realtime's allegations in context reveals the insufficiency of Realtime's Complaint. As it stands now, Defendants cannot realistically be expected to frame responsive pleadings or prepare their defense to Realtime's deficient Complaint without risk of substantial prejudice. Lacking any identification by Realtime of the products or services that supposedly infringe, Defendants are understandably unsure specifically where and from whom to seek information regarding their potential defense against this action. Given that they operate vast (in some cases, nationwide) networks comprised of numerous, complex technologies and systems and that they offer a wide range of data products and services, Defendants cannot realistically respond to the generic allegations in Realtime's Complaint. In sum, discovery is not an adequate substitute for a properly-pled complaint and consequently Realtime's Complaint should be dismissed.

**IV. AS THIS COURT HAS DISMISSED REALTIME'S COMPLAINT IN THREE SEPARATE LITIGATIONS FOR THE SAME IMPROPER PLEADING, REALTIME SHOULD PAY DEFENDANTS' COSTS AND FEES FOR BRINGING THIS MOTION.**

This Court has previously admonished Realtime by dismissing its complaints in three different litigations in response to motions to dismiss by multiple defendants. Once again, Realtime has used this same improper tactic – pleading vague and conclusory allegations – in the

---

[6] *See Realtime Data, LLC v. Morgan Stanley et al.* (Civil Action No. 6:09-cv-00326-LED), Order, Dkt. No. 191, at 1-2.

12

instant litigation. Realtime cannot dispute that it is fully aware of the requirements for proper pleading, as this Court has found Realtime's pleadings to be improper on three separate occasions. Realtime has wasted both the Court's and the parties' time by failing to properly plead its allegations, and forced Defendants to file the instant motion. As such, Defendants respectfully request that the Court award Defendants, at a minimum, their costs and fees for bringing this motion.

## V. CONCLUSION

For the foregoing reasons, this Court should dismiss Realtime's Complaint against Defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and award Defendants their costs and fees for bringing this motion as well as any other relief the Court deems just and proper.

Respectfully submitted,

Dated: November 22, 2010    By: */s/Melissa Richards Smith*
Melissa Richards Smith
Texas Bar No. 24001351
Gillam & Smith, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

Thomas M. Dunham
D.C. Bar No. 448407
Attorney-in-Charge
Novak Druce + Quigg LLP
300 New Jersey Avenue
Fifth Floor
Washington, DC 20001
Telephone: (202) 659-0100
Fax: (202) 659-0105
thomas.dunham@novakdruce.com

*Attorneys for Defendant,*

*Cellco Partnership d/b/a Verizon Wireless*

By: */s/Josh A. Krevitt (with permission)*

    GIBSON, DUNN & CRUTCHER LLP
    Josh A. Krevitt (NY # 2568228)
    Lead Attorney
    200 Park Avenue, 47th Floor
    New York, New York 10166
    Tel: (212) 351-4000
    Fax:  (212) 351-4035
    jkrevitt@gibsondunn.com

    Robert A. Vincent (TX # 24056474)
    2100 McKinney Avenue, Suite 1100
    Dallas, Texas 75201
    Tel: (214) 698-3281
    Fax:  (214) 571-2900
    rvincent@gibsondunn.com

    *Attorneys for Defendants MetroPCS Texas, LLC;*
    *MetroPCS Communications, Inc.;*
    *MetroPCS Wireless, Inc.;*
    *Cricket Communications, Inc.;*
    *Leap Wireless International, Inc.; and*
    *T-Mobile USA, Inc.*


By: */s/Tom Henson (with permission)*

    RAMEY & FLOCK, P.C.
    Tom Henson
    100 East Ferguson, Suite 500
    Tyler, TX  75702
    Telephone: (903) 597-3301
    Facsimile: (903) 597-2413
    thenson@rameyflock.com

    *Attorneys for Defendant*
    *Sprint Nextel Corp.*

By: */s/ Phillip B. Philbin (with permission)*
Phillip B. Philbin
phillip.philbin@haynesboone.com
Texas State Bar No. 15909020
David H. Harper
david.harper@haynesboone.com
Texas State Bar No. 09025540
Theodore G. Baroody
ted.baroody@haynesboone.com
Texas State Bar No. 01797550
HAYNES AND BOONE, L.L.P.
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Tel: 214-651-5000
Fax: 214-651-5940

*Attorneys for AT&T Inc. and AT&T Mobility LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail or facsimile transmission, on this the 22nd day of November, 2010.

*/s/Melissa Richards Smith*
Melissa Richards Smith