# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| REALTIME DATA, LLC d/b/a IXO,<br><br>Plaintiff,<br><br>v.<br><br>METROPCS TEXAS, LLC *et al.*,<br><br>Defendants. | Civil Action No. 6:10-cv-00493 (LED)<br><br>**Jury Trial Demanded** |

**MOTION TO LIMIT THE NUMBER OF ASSERTED CLAIMS
BY DEFENDANTS METROPCS COMMUNICATIONS, INC., AT&T MOBILITY LLC,
CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, CRICKET
COMMUNICATIONS, INC., AND SPRINT NEXTEL CORPORATION.**

# I. INTRODUCTION

Defendants MetroPCS Texas, LLC, MetroPCS Communications, Inc., MetroPCS Wireless, Inc., AT&T Mobility LLC, Cricket Communications, Inc., Cellco Partnership d/b/a Verizon Wireless, and Sprint Nextel Corp. (collectively, "Certain Defendants") respectfully move the Court for an order directing Plaintiff Realtime Data, LLC d/b/a IXO ("Realtime" or "Plaintiff") to reduce the number of patent claims at issue in this action. Since April 8, 2011, Plaintiff has maintained the same 77 overlapping claims against all of the defendants in this case. In the intervening seven months, Plaintiff has received invalidity contentions, technical document productions pursuant to Patent Local Rule 3-4, and general document productions totaling hundreds of thousands of pages from each of the Defendants. In addition, Plaintiff has had the opportunity to conduct critical third-party discovery pursuant to numerous subpoenas. Nevertheless, Plaintiff remains unwilling to narrow the assertion of claims against any of the defendants at this time.

The appropriate time to reduce the number of asserted claims is now. The parties are just about to embark on the important and time-consuming process of (1) identifying claim terms and phrases in need of construction, (2) proposing constructions, (3) identifying extrinsic evidence, (4) negotiating the Joint Claim Construction and Prehearing Statement, and (5) preparing their claim construction briefs. In order to conserve significant resources of the parties and the Court, it would be most logical and efficient to conduct a narrowing of the case in the near future. Plaintiff cannot reasonably expect to proceed to trial with anything close to 77 claims.

Given that the eight patents-in-suit have the same, single inventor, that they share overlapping specifications and claim elements, that they can easily be divided into two related families, and that the same claims are asserted against all Defendants, Certain Defendants respectfully submit that there will be no prejudice to the Plaintiff if it is required to narrow its

case to 12 selected claims, or <u>six claims per patent family</u>, by <u>January 10, 2012</u>.[1]  This is especially the case given that the Plaintiff, as discussed below, has had an ample opportunity to conduct relevant discovery.

## II.  FACTUAL BACKGROUND

Plaintiff filed its complaint on September 23, 2010, asserting infringement of eight related patents from two patent families against six defendant groups.  Plaintiff subsequently added a seventh defendant group to the case – Clearwire – in April 2011.  Dkt. Nos. 1, 65.  These patents generally relate to data compression technology:  five out of the eight patents focus on data compression that allows for "accelerated" data storage; the other three patents relate more generally to data compression techniques.  Plaintiff served infringement contentions on April 8, 2011, alleging that the Defendants' use of third-party "compression servers" in their data networks infringed the same 77 claims of these eight patents.

The most significant aspect of Plaintiff's infringement contentions is that they do not focus on anything that is unique to the individual Defendants – instead, they focus entirely on compression technology provided to the Defendants by third-party vendors.  Thus, the infringement contentions as to the MetroPCS Defendants and the Cricket Defendant *are identical*, as the contentions focus on the technology of a vendor used by MetroPCS and Cricket called Bytemobile, Inc.  (*See* Chung Decl., ¶ 12.)  Similarly, the infringement contentions as to Defendant AT&T Mobility and Defendant T-Mobile *are identical*, as they repeat the same allegations and citations contained in the MetroPCS and Cricket contentions as to Bytemobile, and then add allegations and citations as to another third-party vendor called Flash Networks,

---

[1]  One patent family consists of U.S. Patent Nos. 6,601,104; 6,604,158; 7,321,937; 7,395,345; and 7,415,530 ("data compression and acceleration"); and the second patent family consists of U.S. Patent Nos. 7,161,506; 7,352,300; and 7,378,992 ("data compression").  (*See* Declaration of Frederick Chung ("Chung Decl."), Exhs. A-H.)

Inc. *See id*. The contentions as to Clearwire, Sprint, and Verizon similarly focus solely on third-party vendor documents: there is no technology mentioned in these contentions that was developed by any Defendant. *See id.*; *see also Realtime Data LLC v. MetroPCS, et al.*, No. 6:10-cv-493, Dkt. Nos. 64 & 121 (E.D. Tex. Apr. 9, 2011 & Jul. 8, 2011) (Realtime's Notices of Compliance with Patent Rules 3-1 and 3-2).

On June 17, 2011, Defendants served Plaintiff with invalidity contentions and document productions pursuant to Patent Rules 3-3 and 3-4. Since then, Defendants have collectively produced to Plaintiff millions of pages of documents, substantially completing their document productions in this case. In June 2011, Plaintiff also subpoenaed Bytemobile, Flash Networks, and other third-party compression providers accused in Plaintiff's infringement contentions, and it has received document productions from various third parties as well.

The *Markman* hearing in this case is set for April 12, 2012, with the first claim construction-related deadline coming up soon – the exchange of proposed terms for construction – on November 18, 2011. On December 16, the parties will exchange proposed constructions and extrinsic evidence. On January 20, the Joint Claim Construction Statement and Prehearing Statement is due, and opening claim construction briefs are due on February 17, 2012.

In light of the upcoming claim construction deadlines, Certain Defendants reached out to Plaintiff last month to request that Plaintiff agree to reduce its asserted claims to a more manageable number by November 4, 2011. (Chung Decl., Exh. I & J.) Plaintiff responded by rejecting Certain Defendants' request. (Chung Decl., Exh. K.) In an effort to reach a compromise, and to allow Plaintiff to conduct additional discovery, Certain Defendants proposed during a telephone conference on November 10 that Plaintiff agree to limit its case to 12 claims by January 10, 2012, which was exactly two months away but still in advance of the deadline for the Joint Claim Construction Statement and the parties' opening claim construction briefs.

(Chung Decl., ¶ 5.) On November 15, 2011, Plaintiff reiterated its position that it would not voluntarily reduce the number of asserted claims until after the Court issues its claim construction ruling in mid-2012. (*Id.*, Exhs. L & M.)

### III. ARGUMENT

#### A. LEGAL BACKGROUND

The Court is empowered to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Accordingly, the Court may "formulat[e] and simplify[] the issues" and "adopt[] special procedures for managing potentially difficult or protracted actions that may involve complex issues." Fed. R. Civ. P. 16(c)(2).

One method that courts employ to manage complex patent cases efficiently is to limit the number of claims at issue. As this Court has recognized, the assertion of too many patent claims "serves to obfuscate the more material issues in the case, and effectively undermines the purpose of the patent rules." *Crane Co. v. Sandenvendo Am., Inc.*, No. 2:07-cv-042 (E.D. Tex. Aug. 15, 2008). As a result, Courts within this District and throughout the country routinely enter orders limiting the number of asserted claims. *See, e.g., Hearing Components, Inc. v. Shure, Inc.*, No. 9:07-cv-104, 2008 U.S. Dist. LEXIS 109230, at *3 (E.D. Tex. Jun. 13, 2008); *Fenster Family Patent Holdings, Inc. v. Siemens Medical Solutions USA, Inc.*, No. 1:04-cv-00038, 2005 U.S. Dist. LEXIS 20788, at *8-9 (D. Del. Sept. 20, 2005); *Verizon Cal. Inc. v. Ronald A. Katz Tech. Licensing, L.P.*, 326 F. Supp. 2d 1060, 1066 (C.D. Cal. 2003). Limiting the number of claims also serves the interests of justice because the assertion of "voluminous" numbers of claims "becomes extremely burdensome on both the parties and the Court," and "the potential for jury confusion in a patent case increases exponentially with the number of claims asserted." *Data*

4

*Treasury Corp. v. Wells Fargo and Co., et al.*, No. 2:06-cv-72, Dkt. # 325, at *3-4 (E.D. Tex. Oct. 25, 2006).[2]

The Federal Circuit, moreover, has affirmatively acknowledged the practice of limiting asserted claims in patent cases. *See, e.g., ReRoof Am., Inc. v. United Structures of Am., Inc.*, 215 F.3d 1351, 1999 U.S. App. LEXIS 20788, at *15-16 (Fed. Cir. Aug. 30, 1999). The Federal Circuit has affirmed district courts that require the plaintiff to select one representative claim per patent-in-suit. *See, e.g., Kearns v. General Motors Corp.*, 31 F.3d 1178, 1994 U.S. App. LEXIS 19568, at *1 (Fed. Cir. Jul. 26, 1994). In this Court, there is precedent for limiting a plaintiff to one claim per patent. *See I.P. Innovation L.L.C. v. Red Hat, Inc.*, No. 2:07-cv-447 (E.D. Texas) (Chung Decl., Exh. N at 50-51); *see also id.*, Exh. O (*Widevine v. Verimatrix*, No. 2:07-cv-321, Dkt. 186, at *2 (E.D. Tex. Dec. 28, 2009) (limiting the number of asserted claims from 65 to 5)).

Finally, the Courts in this judicial district and in other districts have recognized the benefits of limiting claims before claim construction occurs and frequently order plaintiffs to do so. *See, e.g., Minerva Indus., Inc. v. Motorola, Inc.*, No. 2:07-cv-229, Dkt. # 334, at *2 (E.D. Tex. Jul. 30, 2009) (limiting over 275 effective claims to 40 claims prior to claim construction); *Data Treasury*, No. 2:06-cv-72, at *3-4 (limiting 224 claims to 50 claims prior to claim construction); *Fenster*, No. 1:04-cv-00038, at *3-7 (limiting 90 claims across eight unrelated patents to 10 claims before claim construction).

This is the ideal time to limit the number of claims asserted in this matter from 77 to 12 (or fewer), with little risk of prejudice to the Plaintiff.

---

[2] One judge in this District routinely requires that, very early in a case, a patent plaintiff "limit the number of asserted claims…and notify the accused infringer and the Court." *See, e.g., Advanced Tech. Incubator, Inc. v. Sharp Corp.*, No. 2:07-cv-468, Dkt. # 43, at *2 (E.D. Tex. May 16, 2008); *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc.*, No. 5:06-cv-222, Dkt. # 39, at *1 (E.D. Tex. Jan. 22, 2007); *Sky Techs. LLC v. SAP AG*, No. 2:06-cv-440, Dkt. # 42, at *1 (E.D. Tex. Feb. 6, 2007) (Chung Decl., Exhs. P-R).

B.  **THE SCHEDULE IN THIS CASE MAKES IT APPROPRIATE TO NARROW THE SCOPE OF THE CASE SOONER RATHER THAN LATER**

First, claim construction deadlines are approaching, with the exchange of proposed constructions and extrinsic evidence on December 16, 2011, and the Joint Claim Construction Statement on January 20, 2012. Selecting terms to construe and preparing claim construction briefs for terms across 77 claims will be unnecessarily burdensome to all of the parties, including the Plaintiff, and will unduly task the Court with construing terms for claims that will undoubtedly be cut before trial.

Significantly, while the claim construction process is beginning soon, it is not yet substantively underway. Therefore, the parties have not already wasted efforts preparing briefs for the 77 original asserted claims. Plaintiff may try to counter this request by highlighting a prior case in which it was involved, and in which a motion to limit claims was denied shortly before the *Markman* hearing. *See Realtime Data, LLC v. Packeteer, Inc., et al.*, No. 6:08-cv-144, Dkt. # 248, at *7 (E.D. Tex. Mar. 16, 2009). That case is distinguishable, however, because the parties had already submitted their claim construction briefs, and the Court perceived that there would be no additional benefit to reducing the claims so close to the date of the hearing: "[S]uch a limitation so close to the *Markman* hearing will not help the parties." *Id.* at *6. In the present action, by contrast, there would be significant savings if the asserted claims were reduced by January 2012, before the preparation of the Joint Claim Construction Statement and opening briefs.

C.  **PLAINTIFF WILL NOT BE PREJUDICED BY HAVING TO REDUCE THE NUMBER OF CLAIMS**

This case is also materially distinguishable from the prior Realtime case because, in that case, the relevant discovery for any infringement analysis came directly from the parties. In the present action, by contrast, Realtime's infringement allegations *focus solely on third-party*

6

*documents and technology*, as noted above.  As a result, any relevant discovery regarding infringement is necessarily located with those third parties, not with the Defendants.  Plaintiff has accordingly issued numerous subpoenas to at least eleven third parties and has apparently received substantial document productions (totaling over 120,000 pages) from these third parties, including Bytemobile, Flash Networks, and Novarra, Inc.  Plaintiff has had seven months to pursue such third-party discovery, ever since it served its infringement contentions in early April 2011.  It served its first third-party subpoenas in June 2011.  At this point, Plaintiff should have the information that it needs to focus its infringement allegations.

Plaintiff has argued that it is premature to limit claims at this time, because it has only recently received the bulk of Defendants' document productions.  (Chung Decl., Exhs. K & L.)  That argument is beside the point, however, given that:  (1) there is nothing in the infringement contentions that addresses anything that is unique to the Defendants, (2) Plaintiff has had Defendants' invalidity contentions and Rule 3-4 document productions for nearly five months, since June 2011, and (3) Defendants have already offered to Plaintiff that it take an *additional two months* to decide which claims to prioritize in this case.

Given the substantial overlap between the eight asserted patents – which divide into two families, each family growing out of continuation or continuation-in-part applications from other patents within the family – it should not be difficult for Plaintiff to narrow the case to six patent claims per family by January 2012.[3]  Indeed, the 77 asserted claims are highly repetitive, and the alleged inventions claimed by various claims are often nearly identical:  for example,

---

[3]  In fact, Realtime recently conceded in reexamination proceedings before the U.S. Patent and Trademark Office last month that seven of the claims asserted here are invalid (claims 86, 89, 90, 96, & 98 of the '506 patent, and claims 33 & 36 of '992 patent).  (*See* Chung Decl., Exh. S & T.)  That automatically drops the number from 77 to 70.

independent claims 1 and 25 of the '104 patent are identical except that claim 1 is a system claim and claim 25 is a method claim; the same goes for asserted claims 1 and 9 of the '158 patent. Particularly in view of Certain Defendants' suggestion that Plaintiff have another two months to narrow its claims, it is difficult to perceive any prejudice to Plaintiff.

### IV.  CONCLUSION

For the foregoing reasons, Certain Defendants respectfully request that the Court enter an order requiring Plaintiff to limit the number of asserted claims to six claims per patent family (12 claims overall), and to notify Certain Defendants of their selection by no later than January 10, 2012.

Dated:  November 15, 2011

Respectfully submitted,

By:  /s/ *Frederick S. Chung*
     Frederick S. Chung

Josh A. Krevitt
Lead Attorney
New York Bar No. 2568228
jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, New York 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

Frederick S. Chung
California Bar No. 183337
fchung@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304
Tel: (650) 849-5392
Fax: (650) 849-5092

Robert A. Vincent
Texas Bar No. 24056474
rvincent@gibsondunn.com
Mandy Pezzano
Texas Bar No. 24074886

>mpezzano@gibsondunn.com
>GIBSON, DUNN & CRUTCHER LLP
>2100 McKinney Avenue, Suite 1100
>Dallas, Texas 75201
>Tel: (214) 698-3100
>Fax:  (214) 571-2900
>
>*Attorneys for Defendants MetroPCS Texas, LLC; MetroPCS Communications, Inc.; MetroPCS Wireless, Inc.; AT&T Mobility LLC;* and *Cricket Communications, Inc.*
>
>By:   /s/ *Megan J. Redmond*
>            Megan J. Redmond
>
>B. Trent Webb
>*Admitted pro hac vice*
>Megan J. Redmond
>*Admitted pro hac vice*
>Beth A. Larigan
>*Admitted pro hac vice*
>Shook, Hardy & Bacon L.L.P.
>2555 Grand Blvd.
>Kansas City, Missouri 64108-2613
>Telephone: 816.474.6550
>Facsimile: 816.421.5547
>bwebb@shb.com
>mredmond@shb.com
>blarigan@shb.com
>
>Tom Henson
>State Bar Card No. 09494000
>Ramey & Flock, P.C.
>100 East Ferguson, Suite 500
>Tyler, TX 75702
>Telephone: 903-597-3301
>Facsimile: 903-597-2413
>thenson@rameyflock.com
>
>*Attorneys for Defendant Sprint Nextel Corporation*

By: /s/ *J. Michael Woods*
    J. Michael Woods

Thomas M. Dunham
D.C. Bar No. 448407
Attorney-in-Charge
Novak Druce + Quigg LLP
300 New Jersey Avenue
Fifth Floor
Washington, DC  20001
Telephone:  (202) 659-0100
Fax:  (202) 659-0105
thomas.dunham@novakdruce.com

J. Michael Woods
Virginia Bar No. 73535
Novak Druce + Quigg LLP
525 Okeechobee Boulevard
Fifteenth Floor
West Palm Beach, FL  33401
Telephone:  (561) 847-7800
Fax:  (561) 847-7801
michael.woods@novakdruce.com

Melissa R. Smith
Texas Bar No. 24001351
Gillam & Smith, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Fax: (903) 934-9257
melissa@gillamsmithlaw.com

*Attorneys for Defendant Cellco Partnership d/b/a Verizon Wireless*

## CERTIFICATE OF SERVICE

    I certify that the foregoing document was filed electronically on November 15, 2011 with the clerk of the court for the U.S. District Court, Eastern District of Texas, Tyler Division pursuant to Local Rule CV-5(a) and served on all counsel who have consented to electronic service.  Any other counsel of record will be served by first-class mail.

                                                                               */s/ Frederick S. Chung*
                                                                               Frederick S. Chung

## CERTIFICATE OF CONFERENCE

    The undersigned hereby certifies that: (1) counsel has complied with the meet-and-confer requirement in Local Rule CV-7(h); and (2) this Motion is opposed.  On November 10, 2011, counsel for Defendants, including Frederick Chung, counsel for Defendants MetroPCS, AT&T, Cricket, and T-Mobile, Beth Larigan, counsel for Defendants Sprint and Clearwire Communications, and Michael Woods, counsel for Verizon Wireless, conducted a telephone conference with Carolyn Juarez, counsel for Plaintiff Realtime Data.  The parties met and conferred in good faith in an attempt to resolve this issue, but their discussion ended in an impasse.  On November 15, 2011, counsel for Plaintiff confirmed by letter that Plaintiff would not agree to Defendants' proposal, thereby requiring resolution by the Court.

DATE:  November 15, 2011                                       */s/ Frederick S. Chung*
                                                                                              Frederick S. Chung