# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| REALTIME DATA, LLC d/b/a IXO | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 6:10-CV-00493 LED |
| v. | ) |
| | ) |
| METROPCS TEXAS, LLC ET AL., | ) |
| | ) |
| Defendants. | ) |

## CLEARWIRE'S MOTION FOR SUMMARY JUDGMENT
## OF NON-INFRINGEMENT

Pursuant to 56 of the Federal Rules of Civil Procedure and the Court's December 20, 2011 Order (Doc. No. 206), Defendants Clearwire Corporation, Clearwire Communications LLC, and Clear Wireless LLC ("Clearwire") move for summary judgment of non-infringement.

## I. INTRODUCTION AND STATEMENT OF ISSUES

This is an uncomplicated case of non-infringement. The Asserted Patents[1] are directed to utilizing data compression, and Clearwire's data service network does not use data compression. Specifically, Plaintiff Realtime Data, LLC ("Realtime") claims that Clearwire infringes the Asserted Patents by its use of a Bytemobile product to support downlink data communications for data services. Yet, Clearwire does not use any data compression, including any Bytemobile

---

[1] The "Asserted Patents" are: U.S. Pat. Nos. 6,604,158 (Asserted Claims: 1, 3-7, 9, 11-15); 7,321,937 (Asserted Claims: 1, 5-8, 11, 14-19); 7,395,345 (Asserted Claims: 1, 3, 4, 6-8); 7,415,530 (Asserted Claims: 1, 2, 16-21, 23); 7,161,506 (Asserted Claims: 91-95, 97, 99); 7,352,300 (Asserted Claims: 19, 23-25, 28-30, 32, 33, 36, 42, 45-48, 52, 53, 55, 56, 59). In a letter dated December 27, 2011, Realtime notified Defendants that it was withdrawing all infringement claims with respect to Asserted Patent Nos. 6,601,104 and 7,378,992, and Claims 86, 89, 90, 96, and 98 of U.S. Patent No. 7,161,506.

products, to support downlink data communications for data services. Simply, Clearwire does not infringe the Asserted Patents; as such, the Court should grant summary judgment.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

The relevant undisputed materials facts ("UMF") are:

1. For each Asserted Patent, Realtime's May 3, 2011 Infringement Contentions accuse Clearwire of either "operating a data network with compression servers in order to support downlink data communications for data services," *see* Ex. A, Realtime's Infringement Contentions Ex. 7, Appendices 7-C at 1, 7-D at 1, 7-E at 1, 7-F at 1, 7-G at 1, or "operating a data network with compression servers and base station equipment in order to support downlink data communications for data services." *Id.* at Ex. 7, Appendix 7-B at 1.[2]

2. For each Asserted Patent, Realtime's Infringement Contentions allege that Clearwire operates "Bytemobile compression servers and similar compression servers used to compress data for downlink data communications." Ex. A, at Ex. 7, Appendices 7-B at 1, 7-C at 1, 7-D at 1, 7-E at 1, 7-F at 1, 7-G at 1.

3. Clearwire has not used and does not use data compression hardware or software developed by, provided by or otherwise sourced from Bytemobile in order to support downlink data communications for data services in its data network. Ex. B, Houston Decl. ¶ 7.

4. Bytemobile itself confirmed that "Bytemobile has never sold any of its products or services to Clearwire" and "Clearwire has never been a Bytemobile customer, nor does Clearwire have any current commercial relationship with Bytemobile." Ex. C, CRWR 00002083, Bytemobile Decl. ¶ 2.

---

[2] On December 30, 2011, Realtime filed a motion for leave to amend its infringement contentions. Doc. No. \_-. Clearwire opposes this motion as untimely and lacking a good-faith basis. Unless this Court grants Realtime's belated motion to amend, Realtime's final contentions are the contentions Realtime served on May 3, 2011. *See* P.R. 3-6.

5. On September 1, 2011, Clearwire provided the Bytemobile declaration to Realtime. Ex. D, Email dated 9-1-2011 from Redmond to Heptig.

6. On June 29, 2011, Realtime served a subpoena on Bytemobile. To date, Bytemobile has not produced a single document evidencing that Bytemobile sold any of its products or services to Clearwire. Ex. E, Notice of Subpoena to Bytemobile.

7. Clearwire has not used and does not use any data compression hardware or software in order to support downlink data communications for data services in its data network. Ex. B, Houston Decl. ¶ 7.

8. Clearwire has, since May 2011, repeatedly offered witnesses, produced documents, and even provided third-party declarations to establish that Clearwire does not use any products, including Bytemobile products, to compress data in its network to support downlink data communications for data services. Ex. F, Ltr. dated 6-3-2011 from Redmond to Gardner; Ex. G, Ltr. dated 10-31-2011 from Redmond to Heptig.

9. In response to a subpoena served by Realtime on or about July 8, 2011, Ortiva Wireless, Inc. stated that "Clearwire is not using any Ortiva equipment or software on its network, and Ortiva has not sold any equipment or software to Clearwire for use on its network." Ex. H, Ortiva Objections to Subpoena dated 7-26-2011, at 3-17.

10. Mobixell itself confirmed that "Mobixell has never provided or supplied any of its products or services to Clearwire." Ex. I, CRWR 00002115, Nir Hod Decl. ¶ 2.

11. On or about July 8, 2011, Realtime served subpoenas on Ortiva and Mobixell. To date, neither company has produced a single document evidencing that any products were sold to Clearwire. Ex. J, Notice of Subpoena to Ortiva; Ex. K, Notice of Subpoena to Mobixell.

### III. LEGAL AUTHORITY

"The Patent Rules require parties to evaluate their infringement contentions early in litigation, so 'the case takes a clear path, focusing discovery on building precise final infringement contentions and narrowing issues for *Markman*, summary judgment, trial, and beyond.'" *Linex Tech. Inc. v. Belkin Int'l, Inc.*, 628 F. Supp. 2d 703, 707 (E.D. Tex. 2008) (citing *Connectel, LLC v. Cisco Systems, Inc.*, 391 F. Supp. 2d 526, 527 (E.D. Tex. 2005)).

To promote judicial economy and avoid unnecessary trial, a court must grant summary judgment when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "If the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must assert competent summary judgment evidence of the existence of a genuine fact issue." *GTX Corp. v. Kofax Image Prods.*, 571 F. Supp. 2d 742, 745 (E.D. Tex. 2008) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Mere conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id*.

### IV. ARGUMENT

The very purpose of Infringement Contentions is to narrow the issues for case milestones, such as summary judgment. *Linex Tech. Inc.*, 628 F. Supp. 2d at 707. Here, Realtime's Infringement Contentions accuse Clearwire of operating a data network with Bytemobile compression servers and similar compression products in order to support downlink data communications for data services. UMF 1, 2. However, Realtime's claims fail because Clearwire has not purchased Bytemobile products and is not a Bytemobile customer.

4830614 v2

Since May 2011, Clearwire has told Realtime that it does not use Bytemobile products in order to support downlink data communications for data services in its data network. UMF 8. Clearwire repeatedly offered witnesses, produced documents, and even provided a third-party declaration to establish that Clearwire has not purchased Bytemobile products. UMF 8. Realtime's only communicated basis for its infringement claims was that a separate corporate entity, Sprint, is a Bytemobile customer and Sprint uses Clearwire's 4G network to support its customers. In light of this, Clearwire made additional strides to convince Realtime to dismiss its claims by obtaining a declaration from Bytemobile. Bytemobile confirmed that "Bytemobile has never sold any of its products or services to Clearwire" and "Clearwire has never been a Bytemobile customer, nor does Clearwire have any current commercial relationship with Bytemobile." UMF 4. This declaration was provided to Realtime on September 1, 2011. UMF 5. Additionally, Realtime served a subpoena on Bytemobile on June 29, 2011. UMF 6. To date, Bytemobile has not produced a single document evidencing that Bytemobile sold any of its products or services to Clearwire. UMF 6.

**Importantly, Clearwire does not use <u>any</u> products to compress data in its network to support downlink data communications for data services.** UMF 7.[3] About six months ago, Realtime communicated that, in addition to Bytemobile, it thought Clearwire infringed the Asserted Patents by using other data compression products. For example, Realtime alleged Clearwire used Mobixell and Ortiva products[4] in its data services network.[5] During July, August

---

[3] Since May 2011, Clearwire repeatedly offered witnesses to prove this. UMF 8. Realtime has only recently requested depositions since the Court granted Clearwire's request to file for early summary judgment.

[4] Very recently, Realtime focused on the purported testing of Ortiva's products. This is contrary to Realtime's reiterated allegations of infringement set forth in its Infringement Contentions, discovery requests and correspondence. Moreover, any such testing could not infringe the asserted patents by using compression products to support downlink data communications in its accused data network.

5

and September, both Clearwire and these companies confirmed to Realtime that Clearwire did not use these products to support downlink data communications its data network. Specifically, Ortiva stated that "Clearwire is not using any Ortiva equipment or software on its network, and Ortiva has not sold any equipment or software to Clearwire for use on its network." UMF 9. Similarly, Mobixell confirmed that "Mobixell has never provided or supplied any of its products or services to Clearwire." UMF 10. In fact, in response to Realtime's subpoenas served in July, neither Ortiva nor Mobixell produced a single document evidencing that any products were sold to Clearwire. UMF 11. Since that time, Realtime has gone silent. Realtime elected not to conduct follow-up discovery to independently confirm or dispute these facts or compel additional information. Realtime cannot circumvent summary judgment through unsupported inferences and speculation. *GTX,* 571 F. Supp. 2d at 745. Because it is undisputed that Clearwire does not use any data compression products to support downlink data communications for data services, the Court should grant summary judgment.

## V. CONCLUSION

Clearwire has not used and does not use any data compression hardware or software in order to support downlink data communications for data services in its data network and, therefore, does not infringe the Asserted Patents. Accordingly, Clearwire is entitled to summary judgment as a matter of law.

---

[5] Realtime also raised the possibility that Clearwire's network allegedly performed data compression by using Sandvine and Vantrix products. However, Clearwire and Sandvine both confirmed that the Sandvine products used by Clearwire do not use compression to support downlink data communications for data services. Clearwire also confirmed it does not use Vantrix products.

4830614 v2

Respectfully submitted,


By: /s/Megan J. Redmond
B. Trent Webb
*Admitted pro hac vice*
Megan J. Redmond
*Admitted pro hac vice*
Beth A. Larigan
*Admitted pro hac vice*
Claire Terrebonne
*Admitted pro hac vice*
Shook, Hardy & Bacon L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Telephone: 816.474.6550
Facsimile: 816.421.5547
bwebb@shb.com
mredmond@shb.com
blarigan@shb.com
cterrebonne@shb.com

Tom Henson
State Bar Card No. 09494000
Ramey & Flock, P.C.
100 East Ferguson, Suite 500
Tyler, TX 75702
Telephone: 903-597-3301
Facsimile: 903-597-2413
thenson@rameyflock.com

**ATTORNEYS FOR DEFENDANTS CLEARWIRE CORPORATION, CLEARWIRE COMMUNICATIONS LLC, AND CLEAR WIRELESS LLC**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on the 6th day of January, 2012, I electronically filed the foregoing **CLEARWIRE'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT** and that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing, via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                   /s/Megan J. Redmond
                                                   Megan J. Redmond

4830614 v2