IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| REALTIME DATA, LLC, d/b/a IXO, | § § | |
| Plaintiff, | § § | Civil Action No. 6:10-cv-493 |
| v. | § § | JUDGE CLARK |
| T-MOBILE USA, INC., | § § | |
| Defendant. | § | |

### ORDER GRANTING IN PART MOTION FOR ENTRY OF BILL OF COSTS

Plaintiff Realtime Data LLC, d/b/a IXO, filed suit against Defendant T-Mobile USA, Inc. claiming infringement of several patents. After a six day jury trial, a verdict was rendered in favor of T-Mobile USA on the issues of infringement and invalidity based on obviousness. The court subsequently granted in part Realtime's motion for judgment as a matter of law on the issue of invalidity. Doc. # 662. Judgment was entered on March 28, 2013 in favor of T-Mobile, and provided that costs would be taxed against Realtime. Doc. # 664. T-Mobile has now filed a partially contested motion for entry of a bill of costs in the amount of $261,062.55.

The court sustains in part and overrules in part Realtime's objections. Costs are awarded to T-Mobile in the amount of $132,591.74.

### I. WHAT IS NOT CONTESTED

The parties have agreed that $53,867.65 is taxable as costs against Realtime, as follows:

1. $7,884.52 in witness fees;

2. $3,114.58 in fees for the court-appointed technical advisor, Michael T. McLemore;

 3. $6,714.25 in fees for courtroom setup for trial presentations; and

 4. $36,194.30 in printed or electronically-recorded transcripts[1].

## II. WHAT IS CONTESTED

Realtime disputes $208,289.15, as follows:

1. $16,178.45 for printed or electronically-recorded transcripts, divided into three sub-categories:

  A. $9,210.00 in costs for video depositions;

  B. $6227.45 in costs for the January 24-26 deposition of James Fallon;

  C. $741.00 in delivery costs; and

2. $192,110.70 for costs of exemplification and the making of copies of materials.

The court will address each of these categories in turn.

## III. REALTIME'S OBJECTIONS RE: FEES FOR PRINTED OR ELECTRONICALLY-RECORDED TRANSCRIPTS ARE SUSTAINED IN PART AND OVERRULED IN PART

### A. Costs for video depositions in the amount of $9,210.00 are allowed

28 U.S.C. § 1920 allows a prevailing party to recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." T-Mobile, as the party seeking costs, bears the burden of demonstrating the amount and necessity of its costs. *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994).

Realtime argues that because a number of witnesses who were deposed appeared live at trial, their depositions were not "necessarily obtained for use in the case." Realtime cites several cases in which district courts declined to award costs for video depositions that were either not used at

---

[1] Realtime's arithmetic seems questionable. However, Realtime will have to live with its assertions and calculations.

trial[2] or not played during a party's case-in-chief[3].

> A deposition is necessarily obtained for use in the case "[i]f, at the time the deposition was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery." . . . .. A district court's factual determination of whether a deposition was necessarily obtained for use in the case is afforded great latitude . . . .

*Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 429 (5th Cir. 2010) (quoting *Fogelman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991)) (remanding for further consideration where the district court denied all deposition costs).

Although Realtime is correct that certain video depositions were not used at trial, all depositions conducted by both sides in this case were videotaped. Trial settings can be somewhat unpredictable, and if a key witness is not available, a continuance may not be granted. When the depositions were taken, T-Mobile could reasonably have anticipated their witnesses might have to be presented by deposition. Even if a particular witness was ultimately called live, under the Rules, portions of video depositions of Realtime's witnesses could be shown by T-Mobile for impeachment purposes. Portions of video depositions of T-Mobile's witnesses might have been shown by Realtime for impeachment purposes, and T-Mobile would—validly—have wanted those witnesses's deposition testimony shown, not merely read, to the jury. The court would also note that both sides filed a series of ever-changing deposition designations and extracts pre-trial; given that,

---

[2]*Peacock v. Carpedia Int'l, Ltd.*, 2012 WL 4829381 (S.D. Tex. Oct. 10, 2012); *Taylor v. Seton Healthcare*, 2012 WL 2396876 (W.D. Tex. Jun. 22, 2012).

[3]*Versata Software, Inc. v. SAP Am., Inc.*, 2011 WL 4436283 (E.D. Tex. Sept. 23, 2011).

it is not surprising that a party would be somewhat uncertain which witnesses would be permitted to appear live, and which would appear by deposition.

The court therefore overrules Realtime's objections on this point.

**B.        Deposition costs in the amount of $6,227.45 are disallowed**

Realtime's next argument is that the $6,227.45 listed on summary invoices for the January 24-26, 2012 deposition of James Fallon, Doc. # 663-5 at 2-5, should be disallowed because the invoices are insufficiently detailed. Specifically, Realtime states that T-Mobile has provided invoices with only daily totals for Mr. Fallon's deposition, while the other invoices T-Mobile submitted contained redactions of expenses for rough transcripts, expediting of deposition transcripts, real-time feeds, and other incidental costs that are not recoverable under Section 1920. Without a detailed invoice listing line item charges for Mr. Fallon's depositions, Realtime argues that it cannot identify which costs it would dispute and therefore disputes the entire amount.

Realtime is correct that the "incidental costs associated with depositions . . .are generally not recoverable." *Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 491 F. Supp. 2d 684, 687 (E.D. Tex. 2007).[4] Given the lack of detail on the these invoices and the fact that it is T-Mobile's burden

---

[4]*See also Power-One, Inc. v. Artesyn Techs., Inc.*, 2008 WL 4065871 at *6 (E.D. Tex. Aug. 27, 2008) ("Incidental costs associated with depositions. . .are generally not recoverable. . .These fees are not enumerated in section 1920 and case law makes it clear that they are not recoverable."); *Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415, 418 (N.D. Tex. 1997) ("Postage is not included in section 1920 and is not recoverable as a cost.")*; Canion v. United States*, 2005 WL 2216881 (W.D. Tex. Sept. 9, 2005) (Section 1920 "does not explicitly authorize" compressed transcripts or shipping administrative fees); *Auto Wax Co., Inc. v. Mark V Products, Inc.*, 2002 WL 265091 (N.D. Tex. Feb. 22, 2002) (costs incurred for the delivery of depositions are not recoverable);*Bass v. Zeta Consumer Prods.*, 1999 WL 1129603 at *2 (N.D. Ill. Dec. 3, 1999) ("A delivery charge is similar to postage or mail delivery. Costs for postage and mail services have consistently been disallowed on the grounds that these expenses are generally considered overhead, or part of the cost of operating a law firm.").

to demonstrate that the costs it seeks are recoverable, the court will sustain Realtime's objection on this point and, because it is impossible to tell what portion of this invoice is recoverable under Section 1920, disallow the invoice entirely.

**C.    Transcript delivery charges in the amount of $741.00 are disallowed**

Realtime also disputes $741.00 in delivery costs for transcripts, exhibits, and DVDs listed on the invoice, arguing that they are not allowable under Section 1920.

Realtime is correct. As noted above, costs incurred for the delivery of depositions are not recoverable. *Maurice Mitchell*, 491 F. Supp. 2d at 688; *Embotelladora,* 952 F. Supp. at 418; *Auto Wax*, 2002 WL 265091. The court will sustain Realtime's objection and disallow this charge.

**D.    Conclusion**

The court will therefore overrule Realtime's objections in part, and allow T-Mobile to recover $9,210.00 in costs for video depositions. Realtime's objections are sustained in part, and T-Mobile's costs for James Fallon's depositions and delivery costs in the amount of $6,968.45 are disallowed.

### IV. THE COURT WILL SUSTAIN IN PART REALTIME'S OBJECTIONS RE: EXEMPLIFICATION AND COSTS OF MAKING COPIES OF MATERIALS

Section 1920(4) allows for recovery of fees for exemplification and copies of papers necessarily obtained for use in the case. Realtime's objections center around two categories of costs: those for preparation and presentation of graphics at trial ($152,891.00) and those for making copies ($39,957.60).

**A.    T-Mobile may recover $36,000 in costs for preparation and presentation of trial graphics.**

In a complex patent case, the use of special audiovisual equipment and the professional technicians required to operate it can be a recoverable cost. *See, e.g., J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 760 F.2d 613, 615 (5th Cir. 1985); *Finisar Corp. v. DirecTV Group, Inc.*, 2006 WL 2699732 at *2 (E.D. Tex. Aug. 4, 2006). In *Finisar*, this court found that *one* technician was reasonable. *Id.*

T-Mobile's costs on this point are, in a word, unreasonable. They reflect the work of six individuals who, at a rate of $150.00 per hour, seem to have worked with no sleep, meals, or breaks for the week preceding and the week of trial to put on T-Mobile's graphics presentation. Doc. # 665-8 at 2-10. While T-Mobile's presentation at trial was very good, it was not worth $152,891.00 in taxable costs.[5]

What the court will therefore do is the following. T-Mobile can recover the costs for two technicians, each working a total of 80 hours per week for the week immediately preceding trial and the week of trial, at the rate of $150.00/hour. This totals 160 hours per technician (320 hours total for two technicians) at $150.00 per hour, or $48,000.00.

**B.     T-Mobile may recover $21,514.09 in copying costs**

---

[5]T-Mobile makes a great deal of the fact that Realtime refused to provide T-Mobile with the numbers for their own technical support, so T-Mobile could compare the two values, and that Realtime's technicians are believed to make a significantly higher hourly rate than T-Mobile's. This misses the point. Realtime did not prevail and is not permitted recovery of its costs, so the amount of money Realtime paid its technicians is irrelevant to the inquiry of whether T-Mobile's costs were reasonable, given the trial presentation and complexity of this case. This is not an argument over a "reasonable" rate or number of hours where an opposed bill might be used as a rough check. The court finds T-Mobile's claim of time spent by six individuals over two weeks is unreasonable, without reference to Realtime's expenditures.

Realtime's final argument is that T-Mobile has not provided the requisite level of detail and documentary support to confirm that materials copied or printed were necessarily obtained for use in the case. The invoices Realtime disputes cover more than 242,000 pages of copies and printing, more than 4,000 tab dividers, and nearly 500 folders and binders. Doc. # 665-7.

To recover costs under Section 1920(4) for copying costs, the prevailing party must show the court that the cost was necessary to litigate the case. *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993). While the prevailing party need not "identify every xerox copy made for use in the course of the legal proceedings" when seeking costs, the court does "require some demonstration that the reproduction costs necessarily result from the litigation." *Fogelman*, 920 F.2d at 286.

T-Mobile need not individually identify each copy made, but it must provide some explanation to the court of why these copies were necessary. T-Mobile submitted a declaration from its counsel that the copying costs were for trial exhibits, expert reports, deposition transcripts, and the assembling of exhibits into binders for the witnesses as required by the court. The copies were necessary "for efficiently examining the witnesses and resolving objections at trial." Doc. $ 665-2 at ¶ 15.

However, some of the invoices themselves do not support the declaration. While some of the invoices are labeled with the case number (Doc. # 665-7 at 2) or provide some other detail for the court to determine that the copies were obtained for use in this case (Doc. # 665-7 at 4-5, 7), others

do not (Doc. # 665-7 at 3, 6, 8-9). The court will allow costs set out in the former group of invoices ($21,514.09) but not the latter ($19,099.26).[6]

**C.      Conclusion**

The court will therefore sustain Realtime's objections in part, and overrule them in part. T-Mobile can recover $48,000.00 in costs for preparation and presentation of trial graphics and $21,519.09 in copying costs. The remainder of the disputed request is disallowed.

IT IS THEREFORE ORDERED that Defendant T-Mobile U.S.A., Inc.'s Motion for Entry of Bill of Costs [Doc. # 665] is GRANTED IN PART. Costs are awarded to T-Mobile in the amount of $132,591.74.

So **ORDERED** and **SIGNED** this **1**   day of **May, 2013.**

_____
Ron Clark, United States District Judge

---

[6]The careful reader will note that these numbers total $40,613.35, not $39,957.60. That is because when the court totaled the invoices in Exhibit 5, it found they added up to $40,613.35 and proceeded accordingly. Where the parties came up with $39,957.60 is not clear, and the court is not going to sift through the more than 200 pages filed in support of the motion and response to locate the wayward $655.75 difference between these two numbers.